## County Superintendent Expenses

HARRINGTON ADAMS, Deputy Attorney General, and THOMAS D. MCBRIDE, Attorney General, December 4, 1957.—We have your request for an opinion as to the legality of expenditures of county superintendents, assistant county superintendents and other members of the office of the county superintendent for expenses incurred in their attendance at out-of-State educational conventions.

You call attention to the fact that in an opinion rendered May 2, 1930, 1929-30 Op. Atty. Gen. 201,

13 D. & C. 771, this department ruled that legislative authority would be necessary for the expenditure of school funds for the purposes set forth above. This opinion of May 2, 1930, was based upon the interpretation of section 1121 of the School Code of May 18, 1911, P. L. 309. This earlier act was incorporated as section 1068 of the Public School Code of March 10, 1949, P. L. 30, 24 PS §10-1068, and it reads:

"Expenses.—In addition to the foregoing salaries each county superintendent, each assistant county superintendent, and each supervisor of special education shall be entitled to receive annually the payment of actual and necessary expenses *incurred in visiting schools within his district, in attending educational meetings,* and in the performance of such other official duties as may be required of him by law. In preparing the budget, an average of seven hundred dollars ($700) shall be used in estimating the travel cost of county superintendents, and in addition thereto, an average of seven hundred dollars ($700) shall be used in estimating the travel cost of assistant county superintendents and supervisors of special education. The Department of Public Instruction shall allocate the travel funds to the several counties in accordance with regulations to be determined by the Superintendent of Public Instruction. Payments shall be made monthly, on account of such expenses, to county superintendents, assistant county superintendents, or supervisors of special education, by requisition of the Superintendent of Public Instruction upon the Auditor General, upon the production to him of itemized vouchers in the usual manner." (Italics supplied)

The question arises as to the proper interpretation of the term "educational meetings".

Section 901 of the code, as amended, 24 PS §9-901, provides for an annual convention of school directors

to be called by the county superintendent of public schools for the purpose of consideration and discussion of questions and subjects pertaining to the welfare and promotion of the public schools. This section also provides that the county superintendent may call together the school directors within the county when any emergency may exist or when, in the opinion of the county superintendent of public schools, a special meeting should be called for the consideration and discussion by the school directors of subjects pertaining to the welfare and promotion of the public schools. At the annual convention or at any special meeting so called, authority is given to pass on and approve activities and services and schools and classes for the handicapped. The county superintendent gives notice of the annual meeting and of all special meetings of the county school directors.

Section 921, as amended, 24 PS §9-921, provides for a county board of school directors and §923, 24 PS §9-923, provides that the county board of school directors shall meet in at least 10 regular meetings each year and at such special meetings as shall be called by the county superintendent.

The county superintendent in section 926, 24 PS §9-926, is named the chief executive officer of the county board of school directors and ex officio a member of all committees thereof. He is privileged to attend all meetings of the county board of school directors and to enter into all discussions and debates, but he is denied the right to vote. It is his duty to furnish such reports as may be required by the county board of school directors and by the Department of Public Instruction.

The powers and duties of the county board of school directors are set forth in section 925, as amended, 24 PS §9-925, and in many of these duties the partici-

pation of the county superintendent or his approval is required.

The assistant county superintendent in section 1058, 24 PS §10-1058, is given the duty of visiting the schools assigned by the county superintendent, not only with regard to the educational work but also to the inspection of school property. He is made, as his name implies, the general assistant to the county superintendent, and he must meet with the boards of school directors when it is deemed necessary or when requested by the directors to do so. In other words, the statutes make it quite clear that the duties of an assistant county superintendent may embrace practically any duty assigned to the county superintendent.

The supervisor of special education may be any person who is certificated to teach in the public schools of the Commonwealth or who is certificated as a public school psychologist by the Department of Public Instruction. A supervisor is appointed by the county board of school directors upon the nomination of the county superintendent. His qualifications are set forth in section 1054, 24 PS §10-1054.

It is the duty of such supervisor of special education to examine and investigate the abilities, disabilities and needs of the exceptional children in the schools, to make recommendations concerning the instruction of such children and to supervise such instruction. It shall be the duty of a supervisor of special education to make reports to the judge of the juvenile court and to assist the county superintendent in the preparation, administration and interpretation of examinations for promotion or graduation when so directed by the county superintendent. These obligations are set forth in section 1059, 24 PS §10-1059.

It is our opinion, therefore, that the educational meetings which are referred to in section 1068, 24 PS

§10-1068, are primarily the meetings provided for by the above cited sections. This is particularly true since section 1068 is the only provision made for the travel expenses of the county superintendent and the other officials. However, since the General Assembly has not defined the phrase "educational meetings", or limited its application from a geographical standpoint, i.e. to meetings within the county, we are of the opinion that, after primary obligation of attending the intra-county meetings specified by statute has been fulfilled by the county superintendents, assistant county superintendents and supervisors of special education, any funds remaining in the allocation may be used by them for attendance at out-of-State educational meetings.